**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

FRONTIER AIRLINES INC; and ALLIANZ
GLOBAL RISKS US INSURANCE COMPANY
Individually and o/b/o OTHER CERTAIN INTERESTED
UNDERWRITERS a/s/o FRONTIER GROUP HOLDINGS, INC.
and FRONTIER AIRLINES, INC.

   Plaintiff,

v.

MENZIES AVIATION (USA) INC. a foreign corporation,

   Defendant.

**NOTICE OF REMOVAL**

   Defendant, Menzies Aviation (USA) Inc. ("Menzies"), by and through its attorneys of record, Wells, Anderson & Race, LLC, and under 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal from Denver County District Court, Colorado, to the United States District Court for the District of Colorado. As grounds for removal, Menzies states as follows:

**I.  INTRODUCTION**

   1.  On January 26, 2021, plaintiffs Frontier Airlines Inc.; and Allianz Global Risks US Insurance Company, individually, and o/b/o Other Certain Interested Underwriters a/s/o Frontier Group Holdings, Inc., and Frontier Airlines, Inc., (collectively, "Plaintiffs"), commenced an action against Menzies in District Court, Denver County, Colorado, captioned *Frontier Airlines Inc., et al. v. Menzies Aviation (USA) Inc.*, Case No. 2021CV30302. A copy of the Complaint is attached

as **Exhibit A**. A copy of the Denver County District Court Civil Case Cover Sheet is attached as **Exhibit B**. A copy of the Denver County District Court Summons is attached as **Exhibit C**. A copy of the Denver County Court's Delay Reduction & E-Filing Order is attached as **Exhibit D**. A copy of the Affidavit of Service of Summons, Complaint, and Civil Case Cover Sheet is attached as **Exhibit E**. A copy of the Denver County District Court's Pre-Trial Order is attached as **Exhibit F**. A copy of the Denver County District Court docket sheet is attached as **Exhibit G**. No other filings have occurred in the state court case.

2. This case arises out of an incident alleged to have occurred at Denver International Airport on January 28, 2018, involving a Menzies tug and a Frontier aircraft. Plaintiffs claim that the Menzies tug operator lost control of the tug, and the tug slid into the aircraft, damaging its nose landing gear, the aircraft's tow bar, the aircraft's forward cargo door, and the Number 2 engine cowl. **Ex. A**, Complaint, pp. 2-3, ¶¶ 7, 8, and 9.

   II.   **COMPLIANCE WITH COURT RULES AND DEADLINES**

3. Pursuant to 28 U.S.C. § 1441, the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, Denver County, Colorado, where this action is pending. This action arises out of an alleged incident that is alleged to have occurred at Denver International Airport, allegedly involving a Menzies tug and a Frontier aircraft.

4. Menzies was served with copies of the Summons and Complaint on January 27, 2021. **Ex. E,** Affidavit of Process Server. Thus, the thirty (30) day time period for removal under 28 U.S.C. § 1446(b) has not yet elapsed. All procedural requirements related to the removal of this action have been satisfied.

### III. DIVERSITY OF CITIZENSHIP

5. This is a civil action over which this Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Menzies pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

6. The "purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

#### A. Complete Diversity of Citizenship Exists Pursuant to 28 U.S.C. § 1332(a)(1)

7. To meet the diversity requirement for federal jurisdiction, there must be complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Thus, "[i]t is elementary that § 1332 provides jurisdiction only where there is complete diversity, that is, where all plaintiffs are of different citizenship than all defendants." *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1111 (D. Colo. 2000) (citations omitted).

8. Plaintiff Frontier Airlines Inc. is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business located in Denver, Colorado. **Ex. A**, Complaint, p. 2, ¶ 3.

9. Plaintiff Allianz Global Risks US Insurance Company is now, and was at all times relevant to this action, a corporation organized and existing under the laws of the State of California, with its principal place of business located in Chicago, Illinois. **Ex. H**, Allianz Periodic Report.

10. Menzies is now, and was at all times relevant to this action, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Fort Worth, Texas. **Ex. A**, Complaint, at p. 2, ¶ 4.

11. A corporation, "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2018); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); *Hale*, 93 F. Supp. 2d at 1111. Thus, complete diversity of citizenship exists between the parties.

**B.    The Amount in Controversy Exceeds $75,000 Pursuant to 28 U.S.C. § 1332(a).**

12. Without waiving Menzies' right to contest Plaintiffs' right and ability to recover any particular amount of damages, diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) exists because Plaintiffs seek a monetary judgment in excess of the $75,000 minimum amount in controversy requirement. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2) (2020). Plaintiffs' Complaint is seeking damages in an amount in excess of $3,000,000.00. **Ex. A**, Complaint, p. 4, ¶¶ 17 and 23.

13. Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## IV.   CONCLUSION

14. Pursuant to 28 U.S.C. § 1446(a), and D. C. Colo. L. Civ. R 81.1, copies of the current docket sheet and of all pleadings, process, and orders in the State Court case file of which Menzies is aware is filed contemporaneously with this Notice. There are no pending motions or hearings set in the State Court action.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, Denver County, Colorado, and a copy has been served on Plaintiffs, as indicated on the attached Certificate of Service.

16. Menzies reserves the right to conduct limited discovery on the issue of diversity jurisdiction, if necessary. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008). For example, in the event that there is an issue with respect to whether diversity jurisdiction exists, Menzies requests limited discovery on that issue.

17. Menzies states that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

18. This Notice of Removal intends no waiver and no admission of fact, law, or liability, including, without limitation, the amount of damages. Menzies reserves all defenses, affirmative defenses, and rights.

WHEREFORE, Defendant, Menzies Aviation (USA) Inc., hereby removes this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado.

Dated this 26th day of February 2021.

*S/ Adam P. O'Brien*
Adam P. O'Brien
Mark A. Neider
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: 303-830-1212
Facsimile: 303-830-0898
Email: aobrien@warllc.com
Email: mneider@warllc.com

*Attorneys for Defendant*
*Menzies Aviation (USA) Inc.*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of February 2021, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Court and served by email transmission as follows:

Jennifer A. Poynter, Esq.
Andy Thorn, Esq.
POYNTER LAW LLC
6860 S. Yosemite Ct., Suite 2000
Centennial, CO 80112
Phone (303) 991-2229
Email: jennifer@poynterlawllc.com
Email: athorn@poynterlawllc.com

                                            *S/ Karen M. Zajac*
                                            Karen M. Zajac, Legal Assistant
                                            Wells, Anderson & Race, LLC
                                            1700 Broadway, Suite 1020
                                            Denver, CO 80290
                                            Telephone: 303-830-1212
                                            Email: kzajac@warllc.com
                                            *[Original signatures on file at the offices of*
                                            *Wells, Anderson & Race, LLC]*