| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202<br>(720) 865-8301 | DATE FILED: January 26, 2021 2:43 PM<br>FILING ID: F23517FFF8369<br>CASE NUMBER: 2021CV30302 |
| **Plaintiffs:** FRONTIER AIRLINES INC; and ALLIANZ GLOBAL RISKS US INSURANCE COMPANY Individually and o/b/o OTHER CERTAIN INTERESTED UNDERWRITERS a/s/o FRONTIER GROUP HOLDINGS, INC. and FRONTIER AIRLINES, INC.<br><br>v.<br><br>**Defendant:** MENZIES AVIATION (USA) INC. a foreign corporation | ▲COURT USE ONLY▲ |
| *Counsel for Plaintiffs*<br>Jennifer A. Poynter, #24619<br>Andrew Thorn, #40138<br>POYNTER LAW LLC<br>6860 S. Yosemite Ct., Suite 2000<br>Centennial, CO  80112<br>Phone (303) 991-2229<br>Email:   jennifer@poynterlawllc.com<br>            athorn@poynterlawllc.com | Case Number:<br>Div:          Ctrm: |
| **COMPLAINT** | |

Plaintiffs, FRONTIER AIRLINES INC; and ALLIANZ GLOBAL RISKS US INSURANCE COMPANY individually and o/b/o OTHER CERTAIN INTERESTED UNDERWRITERS a/s/o FRONTIER GROUP HOLDINGS, INC. and FRONTIER AIRLINES, INC. by and through counsel, Poynter Law LLC, hereby submits the following Complaint against the above-named Defendant:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Allianz Global Risks US Insurance Company is an insurance company licensed to do business in Colorado. Pursuant to Policy A1AL000667218AM Allianz insured Plaintiff Frontier and served as the Lead Insurer for a market of insurers who also underwrote the interests of Frontier; they included Starr Surplus Line Insurance Company/Starr Aviation Agency, Inc. (SASLAMR63619418-06); Member Co.'s of Global Aerospace, Inc. through Global Aerospace (108412/18); Isosceles Insurance Limited/JLT Insurance Management (Bermuda) Ltd. (J51816346); Various Underwriters at Lloyds & Certain Insurance Co.'s through JLT Specialty Limited (J51816344); Old Republic Insurance Company/Old Republic Aerospace (RAL000021-04); National Union Fire Ins. Co. of Pittsburgh, PA through AIG Aerospace Insurance Services, Inc. (HL013468407-02); QBE Insurance Corporation through QBE North America (QAVC000347); Mitsui Sumitomo Insurance USA, Inc. through Air Centurian, Inc. Services LLC (ACQA-17-00058-02)

2. At all times relevant, the market of insurers set forth above and led by Allianz provided insurance for Plaintiffs Frontier Group Holdings, Inc. and Frontier Airlines, Inc. ("Frontier") and more specifically provided property insurance for Frontier's operations at the Denver International Airport.

3. Plaintiff Frontier Airlines Inc. was and is Colorado corporations authorized to do business in and in fact doing business in Colorado and was and is domiciled in Colorado with a principal place of business being 4545 Airport Way, Denver, Colorado 80239.

4. Defendant Menzies Aviation (USA) Inc. ("Menzies") is a Delaware Corporation with a principal address of 4900 Diplomacy Road, Fort Worth Texas 76155 and a registered agent for service of process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5. This Court has jurisdiction of this matter pursuant to C.R.S. § 13-1-124 or otherwise under Colorado statutes and law.

6. Venue is proper in this Court pursuant to C.R.C.P. 98 because the subject incident occurred in Denver County, Colorado and the Contract between the Parties specifically dictates that any dispute between the Parties be brought in a Court of competent jurisdiction in Colorado.

## **GENERAL ALLEGATIONS**

7. Defendant Menzies entered into an agreement (the "Contract") with Frontier for Ground Handling Services at the Denver International Airport (this contract is attached as Exhibit 1 to this Complaint dated January 1, 2018 and is titled STANDARD GROUND HANDLING AGREEMENT – SIMPLIFID PROCEDURE – ANNEX B10-0 – LOCATION, AGREED SERVICES AND CHARGES.

8. On 28 January 2019 Menzies was operating a "tug" pushing back a Frontier aircraft (bearing tail number N220FR) while pushing back said aircraft from the gate it had been parked at during normal business operations; as such Menzies was acting as the Ground Handler for the aircraft in question.

9. On said date the Menzies tug operator lost control of the tug and the tug slid into the aircraft damaging its nose landing gear, the aircraft's tow bar, the aircraft's forward cargo door and the Number 2 engine cowl.

10. The damage done to the plane by Menzies was in excess of $3,000,000.00 USD. The damages incurred were damages which were directly related to the subject matter of the contract, to wit: the operation and handling of all equipment needed for the Frontier aircraft to operate properly and safely at the airport (otherwise known as Ground Support Services ("GSS") using Ground Services Equipment to carry out that work ("GSE").

11. A claim for said damage was presented by Frontier to Menzies which has not been satisfied.

12. As a result of the incident, Plaintiff insurance carriers paid damages on behalf of their insured, Frontier, under a policies of insurance in place at the time of the loss in an amount of $2,322,576.46 and are now equitably and legally subrogated to Frontier's claims against Defendant. Frontier suffered a deductible loss of $750,000 for the damages incurred as set forth herein.

## FIRST CLAIM FOR RELIEF
### (Negligence - Menzies)

13. Plaintiffs incorporate by reference the allegations contained in the previous paragraphs as though fully set forth herein.

14. Defendant Menzies had a duty to use reasonable care, to provide the Ground Handling and Support Services in a safe, adequate, skillful and competent manner, and to avoid causing harm to the property of Frontier.

15. Defendant Menzies breached its duty and was negligent by:

   a. Carelessly and recklessly driving the tug in question into the aircraft in question;

   b. Failing to properly train their employees relative to operating the equipment at issue in snowy or icy weather conditions;

    c.  Failing to take appropriate actions in light of the snow and ice present while engaged in the afore-described activities;

    d.  Failing to properly analyze the hazards present in the inclement weather at hand and take the appropriate steps to prevent damage to Frontier's aircraft;

    e.  Failed to communicate properly with Frontier personnel during the incident in question to avoid the tug and the aircraft in question making contact;

    f.  Damaging the property of Frontier.

16.    Frontier's property was damaged as a result of the negligence of Defendant Menzies.

17.    As a result of the negligence of Defendant Menzies, Plaintiffs sustained damages in an amount in excess of $3,000,000.00 USD.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract - Menzies)

18.    Plaintiffs incorporate by reference the allegations contained in the previous paragraphs as though fully set forth herein.

19.    On or about January 1, 2018, Frontier and Defendant Menzies entered into a written agreement regarding Ground Support Services as set forth herein.

20.    The agreement obligated Defendant Menzies to carry out many tasks for Frontier in satisfaction of the terms of the contract, one of which was to use a tug to assist in the movement of aircraft away from a gate at the airport; in doing so, Menzies caused damage to the very property that Menzies was entrusted with (the aircraft it was moving, and in part, the subject matter of the contract).

21.    Demand was made by Frontier on Menzies to reimburse them for the damages caused, to no avail.

22.    Defendant Menzies breached the terms of the agreement by failing to carry out their services for Frontier in accord with the contract terms in place, by damaging the aircraft as set forth herein and by failing to reimburse Frontier for the damages Menzies caused to the aircraft in question.

23.    As a result of Menzies' breach of their contract with Frontier, Plaintiffs sustained damages in an amount in excess of $3,000,000.00 USD.

## **PRAYERS FOR RELIEF**

Plaintiffs pray for judgment against Defendant as follows:

1. For compensatory damages in amounts to be determined at trial;
2. For Plaintiff's costs and expenses incurred herein;
3. For interest as allowed by law;
4. For attorneys' fees as allowed by law; and
5. For such other and further relief as the Court deems just and equitable.

Dated this 26th day of January, 2021.

                                                    Respectfully submitted,

                                                  POYNTER LAW LLC

                                                  *s/ Jennifer Poynter*
                                                  Jennifer A. Poynter - No. 24619
                                                  Andy Thorn – No. 40138
                                             ATTORNEY FOR PLAINTIFFS

Plaintiff's Address:
4545 Airport Way
Denver, CO 80239