| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER<br>STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202 | DATE FILED: February 10, 2021 5:07 PM<br>CASE NUMBER: 2021CV30302 |
| Plaintiff(s):  **FRONTIER AIRLINES INC et al**<br><br>**v.**<br><br>Defendant(s):  **MENZIES AVIATION USA INC** | ↑ **COURT USE ONLY** ↑<br><br>Case No:  **21CV30302**<br><br>Courtroom:  **203** |
| **PRE-TRIAL ORDER** | |

      This Pre-Trial Order shall apply to each case assigned to Courtroom 203 of Denver District Court.  Counsel are expected to familiarize themselves with the contents of this Order and all its requirements.  Procrastination or general lack of diligence in the preparation of your case will not constitute good cause for non-compliance with this Pre-Trial Order.  Questions regarding the contents or interpretations of this Order should be raised **before** trial and will not be addressed during trial.

      Plaintiff shall serve copies of this Pre-Trial Order on any Pro Se Parties, pursuant to C.R.C.P. 5, and file a Certificate of Service with the Court within 14 days of the date thereof.  In the event of any conflict between this Pre-Trial Order and C.R.C.P. 16 or 121, this Order shall govern.

## CASE MANAGEMENT ORDER
(C.R.C.P. 16.1 cases are excluded – see the Delay Reduction Order issued)

      The provisions of C.R.C.P. 16 concerning a Case Management Order will apply. If all parties have not participated in the preparation of a Case Management Order, that fact shall be noted in the title of the Proposed Case Management Order.

      In accordance with C.R.C.P. 16, not later than 42 days after the case is at issue and at least 7 days before the case management conference, the parties shall file, in editable format, a proposed Case Management Order. The joint report/proposed Case Management Order must contain the following information: the "at issue" date; contact information for the "responsible attorney"; a description of the "meet and confer" discussions; a brief description of the case from each side, and of the issues to be tried (one page per side); a list of pending, unresolved motions; an evaluation of the proportionality factors from C.R.C.P. 26(b)(1); a confirmation that the parties discussed settlement and description of prospects for settlement; proposed deadlines for amending the pleadings; the dates when disclosures were made and any objections to those disclosures; an explanation of why, if applicable, full disclosure of damages has not been completed and when it will be; subjects for expert testimony with a limit of only one expert per side per subject unless good cause

is established consistent with proportionality; acknowledgement that oral discovery motions may be required by the court; provision for electronic discovery when significant electronic discovery is anticipated; estimated time to complete discovery and length of trial so the court can set trial requests over 5 days at the case management conference; and a catchall for other appropriate matters.

## TRIAL SETTINGS

Trial settings may only be obtained Tuesday through Thursday between the hours of 10:00 a.m. and noon, and only upon the filing of a Notice to Set.  <u>The Notice to Set shall be filed at least 48 hours in advance of the setting day chosen.</u> No case will be set for more than 5 days without prior approval of the Court.  No case will be set beyond one year after the case is filed without prior approval of the Court.  **The Court adheres to the provisions of Chief Justice Directive (CJD) 08-08 which requires that 90% of all civil actions filed shall be concluded within one year of filing.**

## TRIAL PREPARATION CHECKLIST

1. **Trial Management Order.**  Plaintiff's counsel is required to prepare and submit a signed Trial Management Order (TMO) 28 days before the date of trial. The TMO shall comport with the provisions set forth in C.R.C.P. 16(f).  **ALL parties must participate in the preparation of the TMO.**  Should the parties be unable to agree on the proposed TMO or if counsel believes it would be helpful, a Trial Management Conference may be scheduled upon notice, to be attached to the proposed TMO submitted.  Counsel should be aware that when the Court has multiple trials ready to be tried on a particular date, the presence and timeliness of a TMO is one criteria used to determine priority.

2. **Jury Instructions.**  If this matter is set for a jury trial, counsel are required to meet regarding jury instructions and **proposed jury instructions shall be delivered directly to the Court and electronically filed <u>not later than seven days before trial</u>. See C.R.C.P. 16(g).**  The first party represented by counsel to demand a jury trial and who has not withdrawn that demand shall be responsible for ensuring compliance with that portion of C.R.C.P. 16.  The party responsible for arranging the jury instruction conference shall be responsible for filing **one** set of those instructions on which the parties have agreed.  This set need not be annotated and the Court does not need both an original and a copy.  Each party shall also file, **within the same time frame**, those instructions they wish to tender but to which the opposing party will not stipulate.  **Two** copies of these unstipulated instructions shall be filed, one with annotations and one without annotations. Only an original of each set need be filed. **All of these instructions should be provided to the Court in <u>electronic, editable format</u>.**  Do not submit the basic introductory or evidentiary instructions, other than a 2:1 statement of the case instruction.  The Court will provide the basic introductory or evidentiary instructions to the jury.

2

If applicable to your case, combine the following instructions into one instruction: 3:4; 3:7; 3:8; 3:9; 3:10; 3:11; 3:15; 3:16. If applicable, combine 5:1; 5:5 into one instruction. Any other instructions that the parties agree to combine are also encouraged.

The parties shall agree upon a succinct 2:1 statement of the case instruction (Instruction No.1) that the Court can read to the jury at the beginning of the trial. If the parties cannot agree, one 2:1 instruction shall be submitted with highlights on the language upon which the parties cannot agree.

3. **Juror Notebooks.** The Court provides 1", 3-ring binders for the jurors' use as notebooks during the trial. The notebooks contain paper so that the jurors can take notes, as well as introductory information regarding jury service, the courthouse and its environs. The notebooks also contain some stock instructions such as burden of proof, direct and circumstantial evidence, credibility of witnesses, etc.

Counsel shall provide eight copies of the following case-specific information for the notebooks: 1) a stipulated statement of the case; 2) a list of witnesses for each party; 3) the names of any attorneys who will be appearing; and 4) copies of exhibits that the parties agree can be included in the notebooks. The Court has also found the following information is useful to and appreciated by the jurors: 1) a list of stipulations reached by the parties; and 2) a glossary of technical or unusual terms that may be used during testimony.

Concerning the exhibits placed in the juror notebooks, the Court encourages the parties to limit the quantity to a minimum. Exceptionally voluminous exhibits are of little use to the jurors. Only those pages that are **most** relevant **and** helpful should be included. If counsel believes that they must provide the jurors with extensive exhibits, then counsel must provide their own exhibit notebooks; however, the Court suggests counsel consider the comfort of the jurors. Expecting the jurors to carry numerous binders to and from the courtroom may aggravate them. If it is necessary to provide a separate notebook for exhibits, counsel are encouraged to include **all** parties exhibits in **one** notebook, if possible, rather than each party providing a separate notebook.

4. **Exhibits.** Counsel are encouraged to prepare a written stipulation as to undisputed facts and stipulate to the admission of exhibits as to which there is no controversy. Please prepare an **index of exhibits** that you expect to offer, including a list of those exhibits to which there is a stipulated admission. Counsel may allow opposing counsel to view proposed exhibits prior to trial either by providing a soft copy, or by inspecting and copying in person. If you provide two copies for the Court and a copy for opposing counsel, there will be no requirement that you offer your exhibits in sequence.

Please mark all exhibits prior to trial. Plaintiff's exhibits shall be marked in **numerical sequence from 1-1,000.** Defendant's exhibits shall be marked in **numerical sequence beginning with 1,001.** Plaintiffs and Defendants shall **NOT** mix numbers and letters, even for related exhibits; e.g. 1(a), 1(b), 1(c), etc.

Exhibits may be grouped together for easy reference. The civil action number of the case should also be placed on each of the exhibit labels, as well as the date of the trial.

It is expected that a copy of each exhibit will be provided to opposing counsel and that you will have a copy of each of your exhibits. In addition, a copy of exhibits shall be provided to the Court. To expedite trial, each exhibit to be offered should be viewed by opposing counsel prior to trial and a determination made as to whether an objection will be made as to the admissibility of the exhibit. Only where counsel has not had a reasonable opportunity to view an exhibit in advance will trial be interrupted for such a review.

Because civil divisions no longer have Court Reporters and because of a reduced work force in the Denver District Court, this Court is no longer able to maintain custody of exhibits after the termination of hearings and trials. Therefore, it is **ORDERED** that, unless the Court orders otherwise or all parties agree on the record that exhibits need not be retained, the parties will <u>upload all exhibits tendered and admitted at trial</u> to the case through the CCE e-filing system **not later than 48 hours after the trial concludes**. In cases where exhibits are not capable of being uploaded, the exhibits shall be placed on a portable digital device and preserved untampered by the proponent of the exhibits pending appeal. Otherwise, when uploading exhibits, the parties shall file a caption sheet and label each exhibit accordingly, e.g., Exhibit 1,001 (admitted); Exhibit 1,008 (tendered, not admitted). In addition to uploading all of the exhibits, the following shall also apply:

The parties shall retain custody of their respective exhibits and depositions, whether or not the exhibit was received into evidence, until the need for the exhibits and depositions has terminated and the time for appeal has expired or all appellate proceedings have been terminated plus sixty-three days. No withdrawn exhibit shall be modified in any manner. No demonstrative exhibit shall be preserved as part of the record in the case, either in this Court or for transmittal to the Court of Appeals. The parties shall provide a photograph(s) of any such exhibit(s) on or before the first day of trial for inclusion in the record. Photograph(s) shall be in digital format and electronically filed and all parties shall agree that the items are accurately represented. The proponent of the exhibit shall retain possession of the item, as with all other respective exhibits upon completion of the trial. **Any violation of this order regarding the maintenance of exhibits will be subject to sanctions including contempt of court under C.R.C.P. 107.**

5. **Scheduling/Witnesses.**  Unless otherwise ordered by the Court, the trial day will start at 8:30 a.m. and end at 5:00 p.m. (Court trials will begin at 9:00 a.m.) Counsel and parties are expected in court 30 minutes prior to beginning each day of trial so that any preliminary matters may be addressed without inconveniencing the jury. The Court will typically take one break, for 15 – 20 minutes, in the morning and afternoon.  Unless otherwise determined by the Court, lunch break will be from approximately noon until 1:00 p.m.

    Please provide the Court a copy of your witness list.  If the parties decide to use a freelance Court Reporter, an additional copy shall be provided to the Court Reporter to eliminate the need to request the spelling of witnesses' names. Witnesses should be listed in the order that you anticipate calling them. It is the obligation of counsel to have witnesses scheduled to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m. on any trial day. Accordingly, there shall be no more than five - (5) minutes delay between witnesses.  Delay in this regard may result in the Court requiring the non-delaying party to commence its case in chief or the delaying party may be deemed to have rested its case.

6. **Voir Dire, Opening Statements and Closing Arguments.**  The Court will conduct an extensive voir dire, including basic background questions, inquiry into biographical information and juror qualifications.  Counsel will be limited to 20 minutes on voir dire unless otherwise ordered by the Court. Counsel will be limited to 20 minutes for opening statement unless otherwise ordered by the Court.  Time limits for closing argument will be determined at the close of the evidence; however, counsel may plan for time limits on closing argument of not less than that time afforded for opening statement.

7. **Depositions.**  If you are going to use depositions in lieu of live testimony you must provide designations of such testimony to opposing counsel not later than 28 days before trial.  Objections to all or part of the deposition testimony offered must be made not later than 14 days before trial and must cite page, line and the specific evidentiary grounds supporting the objection. **The same rules apply to both video and written depositions.**  When applicable, counsel are also required to provide a person e.g., co-counsel, etc., to read the testimony into the record.

8. **Court Reporters.**  Civil divisions no longer have Court Reporters. Unless the parties decide to bring in a freelance Court Reporter, all court proceedings will be recorded on the Court's digital recording device, ForTheRecord ("FTR").  The Denver District Court has further enacted the policy *en banc* that if counsel agree to hire a freelance Court Reporter, such agreement shall be subject to the Court Order regarding Official Record and Use of Court Reporters which will be issued separately when applicable. **The parties shall apprise the Court of their desire to use a freelance Court Reporter no later than 28 days before the date of trial**.

5

9. **Interpreters**.  Pursuant to Chief Justice Directive 06-03, the courts shall assign and pay for language interpretation for all parties in interest during or ancillary to a court proceeding.

    **If you require a language interpreter, <u>you must inform the court not later than 21 days prior to your next court appearance or hearing, and not later than 30 days prior to trial,</u> to ensure that an interpreter is present to assist you. <u>Failure to timely contact the Court may prevent you from receiving an interpreter on the date and time of your scheduled court appearance and also may require that your court date be rescheduled.</u>**  A court-appointed approved interpreter will be scheduled to assist you for all court appearances at no charge.  A language interpreter may only interpret what is said between parties during a hearing and immediately prior to or after the hearing. A language interpreter may not provide legal advice or any other service that is not related to interpreting. Interpreters may not provide any services that may constitute a violation of the language interpreter's Code of Professional Responsibility.

    **<u>If interpreter services are no longer needed, you must advise the Court not later than 72 hours prior to your scheduled court appearance or you may be held responsible for the cost associated with the interpreter.</u>** Failure to comply with this notice of cancellation will impact the Managing Interpreter's ability to provide interpreter services to other parties in interest and may also impact your ability to obtain interpreter services in the future.

    All interpreters appearing on the record must be approved and appointed by the Court through the Office of Language Access.

10. **Audio-Visual Technology.**  If you intend to use any special equipment/technology such as video or audio recordings, movies, slides, PowerPoint or other computer generated technology, as well as projectors, screens, or monitors, **you must provide it**.  <u>The parties are encouraged to share in the use of a single system rather than have two sets of projectors, TVs, monitors, screens, etc.</u>  You must contact my Division Clerk **prior** to the scheduled trial date to arrange the set-up and use of such technology.

    Any audio recordings shall be played over the Court sound system.  **Parties shall be responsible for bringing any and all electrical cables and audio connecting cables.**  Parties shall plug their audio playing device into an auxiliary input on the Court's lectern.  The auxiliary input requires connection via a 1/8" headphone jack cable or RCA stereo jack cable.  The Court will control the volume of the audio via its sound control panel.

11. **Pre-Trial Motions.**   Motions for summary judgment must be filed not later than 91 days (13 weeks) before trial.  The late filing of motions for summary judgment or repeated granting of extensions of time to file such, does not permit the Court sufficient time to rule in advance of trial.  Failure to comply with the motions

6

deadlines stated herein may result in a delayed or no ruling from the Court before trial.  All other pre-trial motions, including Motions in Limine, must be filed not later than 35 days before trial unless otherwise ordered by the Court.  If an expedited ruling is desired, the moving party must specifically request an expedited schedule in the original motion.

Do not, **under any circumstances**, combine motions or combine your own motions with a response or reply.  The requirements of **C.R.C.P. 121 (1 – 15), concerning the time for filing motions and the content and length of briefs, will be strictly enforced unless otherwise ordered by the Court**.  The Court may rule on motions without hearing, pursuant to C.R.C.P. 121, or the Court may order a hearing prior to trial.

12. **Trial Briefs.**  Trial Briefs may be filed.  Briefs shall be filed not later than 14 days before trial, and shall not exceed five pages in length.

13. **Proposed Findings of Fact and Conclusions of Law.**  For court trials, counsel shall file electronically, at least seven days before the commencement of trial, Proposed Findings of Fact and Conclusions of Law in electronic, **editable format**.  The Court uses **Microsoft Office Word 2010**.

14. **Pro Se Parties.**   Parties appearing without counsel are directed to contact **Colorado Legal Services and the Metro Volunteer Lawyers, 1905 Sherman Street, Suite 400, Denver, Colorado 80203, Phone 303-837-1313,** for determination of legal representation.  Parties may also visit the Colorado Legal Help Center website at www.coloradolegalhelp.us for access to forms and step-by-step help with legal issues.

15. **Discovery Procedures.**[1]  Discovery in all cases will be subject to the provisions of the Court ordered Discovery Protocol attached.

16. **Settlement.**  The parties are to notify the Court within 24 hours of settlement or resolution of their case.  It is not productive for the Court to expend unnecessary time and effort on pending matters that are rendered moot by settlement between the parties.  All documents confirming settlement shall be filed not later than 21 days from the date of settlement, unless otherwise ordered by the Court.

17. **Compliance.**  This Pre-Trial Order applies to **ALL** cases without exception.  Counsel are expected to familiarize themselves with the provisions of this order.  Failure to comply with this Order will not be excused due to lack of familiarity with the requirements set forth herein.

---

[1] This Court applies *The Sedona Principles for Electronic Document Production* and advises counsel to be familiar with the practices and procedures it sets forth. *See* http://sos.mt.gov/Records/committees/erim_resources/A%20-%20Sedona%20Principles%20Second%20Edition.pdf at p ii.

**IT IS SO ORDERED,**

BY THE COURT:

_____
Darryl F. Shockley
District Court Judge