IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00588-NYW

FRONTIER AIRLINES INC; and ALLIANZ
GLOBAL RISKS US INSURANCE COMPANY
Individually and o/b/o OTHER CERTAIN INTERESTED
UNDERWRITERS a/s/o FRONTIER GROUP HOLDINGS, INC.
and FRONTIER AIRLINES, INC.

   Plaintiff,
v.

MENZIES AVIATION (USA) INC. a foreign corporation,

   Defendant.

**ANSWER AND AFFIRMATIVE DEFENSES OF MENZIES AVIATION (USA) INC. TO PLAINTIFFS' COMPLAINT**

   Defendant Menzies Aviation (USA) Inc. (hereinafter "Menzies"), by and through its attorneys of record, Condon & Forsyth LLP, and Wells, Anderson & Race, LLC, hereby answers the complaint of Plaintiffs Frontier Airlines Inc. and Allianz Global Risks US Insurance Company (hereinafter "Plaintiffs") as follows:

**PARTIES, JURISDICTION AND VENUE**

   1. Menzies lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' complaint and, on this basis, denies the allegations.

   2. Menzies lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' complaint and, on this basis, denies the

1

allegations.

3. Menzies lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' complaint and, on this basis, denies the allegations, except Menzies admits that Frontier Airlines, Inc. is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business located in Denver, Colorado.

4. Menzies denies the allegations contained in paragraph 4 of Plaintiffs' complaint, except Menzies admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Fort Worth, Texas.

5. Menzies denies the allegations contained in paragraph 5 of Plaintiffs' complaint, except Menzies admits that this U. S. District Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

6. Menzies denies the allegations contained in paragraph 6 of Plaintiffs' complaint, except Menzies admits that venue is proper in this U.S. District Court.

**AS TO GENERAL ALLEGATIONS**

7. Menzies admits the allegations contained in paragraph 7 of Plaintiffs' complaint, except Menzies denies that the "Contract" was attached as "Exhibit 1" to Plaintiff's complaint.

8. Menzies admits the allegations contained in paragraph 8 of Plaintiffs' complaint.

9. Menzies denies the allegations contained in paragraph 9 of Plaintiffs' complaint.

10. Menzies denies the allegations contained in paragraph 10 of Plaintiffs' complaint.

11. Menzies admits the allegations contained in paragraph 11 of Plaintiffs' complaint.

12. Menzies lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 12 of Plaintiffs' complaint and, on this basis, denies the allegations.

### AS TO FIRST CLAIM FOR RELIEF
### (Negligence – Menzies)

13. Answering the allegations contained in paragraph 13 of Plaintiffs' complaint, Menzies repeats, reiterates and re-alleges each and every answer in paragraphs 1 through 12, inclusive, of this answer with the same force and effect as if set forth herein in full.

14. Menzies denies the allegations contained in paragraph 14 of Plaintiffs' complaint, except Menzies admits that it was contracted to provide certain Ground Handling and Support Services as provided in the Ground Handling Agreement.

15. Menzies denies the allegations contained in paragraph 15 of Plaintiffs' complaint.

16. Menzies denies the allegations contained in paragraph 16 of Plaintiffs' complaint.

17. Menzies denies the allegations contained in paragraph 17 of Plaintiffs' complaint.

### AS TO SECOND CLAIM FOR RELIEF
### (Breach of Contract – Menzies)

18. Answering the allegations contained in paragraph 18 of Plaintiffs' complaint, Menzies repeats, reiterates and re-alleges each and every answer in paragraphs 1 through 17, inclusive, of this answer with the same force and effect as if set forth herein in full.

19. Menzies admits that it entered an agreement with Frontier entitled "Standard Ground Handling Agreement – Simplified Procedure Annex B10.0," which had an effective date of January 1, 2018. Menzies denies the remainder of the allegations contained in paragraph 19 of Plaintiffs' complaint.

20. Menzies denies the allegations contained in paragraph 20 of Plaintiffs' complaint,

except Menzies admits it was contracted to provide certain Ground Handling and Support Services as provided in the Ground Handling Agreement, including the use of a tug to assist in the movement of aircraft.

21. Menzies admits that Frontier made a claim to Menzies which Frontier claims is related to the incident that occurred on January 28, 2019. Menzies denies the remainder of the allegations contained in paragraph 21 of Plaintiffs' complaint.

22. Menzies denies the allegations contained in paragraph 22 of Plaintiffs' complaint.

23. Menzies denies the allegations contained in paragraph 23 of Plaintiffs' complaint.

## AFFIRMATIVE DEFENSES

1. The incident alleged in the Complaint, and the injuries and damages Plaintiffs allegedly sustained, were not proximately caused by any act or omission on the part of Menzies, its employees, agents, or representatives.

2. Any damages or loss sustained by Plaintiffs, if such occurred, were proximately caused and contributed to by the negligence of the employees of Plaintiffs and/or the employees of Plaintiffs' insured in that they did not exercise ordinary care on their own behalf and acted recklessly or carelessly at the times and places set forth in the Complaint. Accordingly, Plaintiffs' recovery, if any, should be reduced by the amount of negligence attributable to the conduct of Plaintiffs' employees and/or the employees of Plaintiffs' insured.

3. Plaintiffs' damages, if any, were caused in whole or in part by the negligent or wrongful acts or omissions of the employees of Plaintiffs and/or the employees of Plaintiffs' insured, and, accordingly, Plaintiffs' damages, if any, must be barred or diminished in direct proportion to the negligent or wrongful acts or omissions of the employees of Plaintiffs and/or

the employees of Plaintiffs' insured.

4. The incident alleged in Plaintiffs' Complaint, and the damages Plaintiffs allegedly sustained as a result of the incident, were caused by intervening and superseding causes and were not caused by Menzies.

5. The incident alleged in Plaintiffs' Complaint, and the damages Plaintiffs allegedly sustained as a result of the incident, if occasioned by fault, are attributable to the conduct of third persons or entities over which Menzies had no control at any time relevant hereto.

6. The incident alleged in the Complaint, and the damages Plaintiffs allegedly sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than Menzies; however, in the event a finding is made that negligence exists on the part of Menzies, which proximately contributed to the damages alleged in the Complaint, Menzies' liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which Plaintiffs seek recovery.

7. The incident alleged in the Complaint, and the damages Plaintiff allegedly sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than Menzies; however, in the event a finding is made that liability exists on the part of Menzies, Menzies is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

8. Plaintiffs' claims as to Menzies, its agents, servants, and employees, are barred or limited because the claims are preempted by the Federal Aviation Act of 1958, the Airline Deregulation Act of 1978, the Code of Federal Regulations, Federal Aviation Regulations,

5

and/or other applicable aviation laws, statutes, codes, rules and regulations.

9. Plaintiffs' damages are barred or limited to the extent Plaintiffs have failed to mitigate their damages.

10. Plaintiffs' complaint and each and every claim for relief alleged in the complaint are barred, in whole or in part, because Menzies' conduct was in conformity with, and was pursuant to, statutes, governmental regulations and industry standards, based upon the knowledge existing at the time of such conduct.

11. In the event that Menzies is determined to be in any way at fault concerning the damages and/or injuries described in Plaintiffs' complaint, which allegations are expressly denied, then Menzies shall not be held liable for any greater amount of damages than is represented by its degree or percentage of causal fault, which determination shall be made in accord with Colorado law and C.R.S. § 13-21-111.5. Menzies also reserves its right to designate non-parties at fault in accordance with C.R.S. § 13-21-111.5(3)(b).

12. Plaintiffs' claims may be barred or limited to the extent of any comparative or contributory negligence, including in accordance with C.R.S. § 13-21-111.

13. The damages recoverable, if any exist, are subject to all relevant statutory limitations, including but not limited to those set forth in C.R.S. § 13-21-101, et seq.

14. To the extent that Plaintiffs have received benefits which fall within the provisions of the collateral source limitations as described in Colorado law and C.R.S. § 13-21-111.6, Plaintiffs' recovery, if any, is barred or reduced thereby.

15. Plaintiffs' claims may be barred or reduced by the violations of the employees of Plaintiffs and/or the employees of Plaintiffs' insured of applicable state or federal statutes, codes,

rules, and regulations.

16. Menzies met or exceeded the requirements of all applicable laws, regulations, and industry and/or government standards.

17. Plaintiffs' damages, if any, were the responsibility of other parties or non-parties who owed a non-delegable duty to Plaintiffs.

18. If Plaintiffs have received, or will receive, remuneration or compensation for some or all of its claimed losses, Menzies is entitled to have Plaintiffs' award, if any, reduced by the amount of said remuneration or compensation.

19. Menzies denies all of the material allegations of Plaintiffs' complaint and each and every claim and claim for relief contained therein as such pertains to Menzies, and denies that Menzies is liable to Plaintiffs for the damages alleged in Plaintiffs' complaint. If, however, the allegations contained in Plaintiffs' complaint are determined to be true, Menzies is informed and believes and thereon alleges that parties both served and unserved, named and unnamed, are in some manner or percentage responsible for Plaintiffs' damages, if any, and Menzies requires an order from the trier of fact setting forth the percentage of fault of each and every party named and unnamed, served and unserved.

///
///
///
///
///
///

20.     Menzies reserves its right to assert additional defenses or amend its defenses as disclosures, discovery, and investigation are completed.

Dated at Los Angeles, California, this 18th day of March 2021.

*S/ Andrew C. Johnson*
Andrew C. Johnson
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299
Email: ajohnson@condonlaw.com
*Attorneys for Defendant*
*Menzies Aviation (USA) Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of March 2021, I electronically filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF MENZIES AVIATION (USA) INC. TO PLAINTIFFS' COMPLAINT with the Clerk of the Court using the CM/ECF system and served by email transmission as follows:

Jennifer A. Poynter, Esq.
Andy Thorn, Esq.
POYNTER LAW LLC
6860 S. Yosemite Ct., Suite 2000
Centennial, CO 80112
Phone (303) 991-2229
Email: jennifer@poynterlawllc.com
Email: athorn@poynterlawllc.com

*Attorneys for Plaintiffs*

Adam Patrick O'Brien
Mark A. Neider
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Phone: (303) 830-1212
Email: aobrien@warllc.com
Email: mneider@warllc.com

*Co-counsel Attorneys for Defendant*

                                                                        *S/ Max Lavinthal*
                                                                       Max Lavinthal
                                                                       Condon & Forsyth LLP
                                                                       1901 Avenue of the Stars, Suite 850
                                                                       Los Angeles, California 90067
                                                                       Telephone: (310) 557-2030
                                                                       Facsimile:  (310) 557-1299
                                                                       Email: mlavinthal@condonlaw.com
                                                                       *[Original signatures on file at the offices of*
                                                                       *Condon & Forsyth LLP]*

NYOFFICE 1259578v.1