IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21c-cv-00588-NYW

Frontier Airlines Inc., et al.

    Plaintiff(s),

v.

Menzies Aviation (USA) Inc.

    Defendant(s).

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Date of Scheduling Conference: **N/A (cancelled per Court)**

Counsel for Plaintiff Frontier Airlines Inc., and Allianz Global Risks US Insurance Company individually and o/b/o Other Certain Interested Underwriters a/s/o Frontier Group Holdings, Inc. and Frontier Airlines, Inc. ("Frontier"):

Hobart M. Hind
Butler Weihmuller Katz Craig LLP
18383 Preston Road, Suite 400
Dallas, TX 75252
(469) 857-7862


Counsel for Defendant Menzies Aviation (USA) Inc. ("Menzies"):

Andrew Johnson
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067
(310) 557-2030

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over this action under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## 3. STATEMENT OF CLAIMS AND DEFENSES

Plaintiffs:

The Plaintiffs allege that Menzies was negligent in the operation and "hazard analysis" of their operation of an aircraft "tug" which directly led to the damages complained of when that tug struck an aircraft.

The Plaintiffs allege that Menzies breached the following terms of the contract between the parties when Defendant caused the accident in question:

Of the contract document, Annex B10.0 – Defendant violated the Section 1.3, and 1.3.1 regarding Supervision; Section 3.8 regarding the Moving of Aircraft; Section 4.3 regarding Flight Operations; Paragraph 4 whereby Defendant failed to indemnify Plaintiff for the complained of damages upon demand; Paragraph 14 regarding Training.

Of the contract document, IATA – Standard Ground Handling Agreement – Defendant violated Section 5.6 regarding Menzies avoiding causing damage to the property of Plaintiffs.

Defendant Menzies

Menzies contends that the actions and/or inactions of the Plaintiffs and/or its agents are the cause of the damages claimed by Plaintiff. Menzies also contends that not all of the claimed damages are recoverable, and therefore Plaintiffs are not entitled to

recover the full amount being claimed. Furthermore, and for these same reasons, Menzies contends that it did not breach the terms of any of the identified contracts.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. The Parties agree that there was in fact an incident as alleged in the Complaint however they disagree on responsibility for the incident.

2. They also agree that some damage was caused by the incident but disagree on the quantum of that damage.

## 5.  COMPUTATION OF DAMAGES

For Plaintiffs:

Plaintiffs seek damages totaling $3,072,576.46 as a result of the incident. Plaintiffs also reserve the right to seek an award of such other and further relief as this Court deems just and proper under the circumstances.

The damages were almost entirely related to the repair costs for the affected aircraft involved in the incident and voluminous damages supports and documentation are being produced to support this computation along with all of the adjustment reports and related materials from vendors. There are some very minor damages related to expenses incurred for the passengers who were on the plane when the event happened and whose trips were affected by this event (flight vouchers, etc.) but close to 100% of the claim relates to physical property damage (repair costs) for the aircraft in question.

For Defendant Menzies:

Menzies is not seeking damages.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: **Friday March 29, 2021**

b. Names of each participant and party he/she represented:

Hobart Hind on behalf of Plaintiffs.

Andrew Johnson on behalf of Defendant Menzies.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties will make their Fed. R. Civ. P. 26(a)(1) disclosures on or before May 5, 2021 in accordance with the presumptive deadlines in the rules.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties are not seeking to modify the presumptive disclosure deadlines in Fed. R. Civ. P. 26(a)(1).

e. Statement concerning any agreements to conduct informal discovery:

The parties believe the presumptive deadlines for, and scope of, discovery provided by the rules are adequate in this case. Counsel for the parties is not opposed to discussing the possibility of informal discovery with respect to some parts of the case.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties' counsel are willing to discuss possible methods for reducing the cost of discovery, such as by conducting certain depositions over video conferencing software and the parties do agree to a uniform exhibit numbering system.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate extensive ESI in this case.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed settlement. The Parties are agreeable to participating in a mediation with a mutually agreeable mediator once initial discovery has been conducted.

## 7. CONSENT

All parties [have] X☐ [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties do not propose modifying the presumptive number of depositions.

    b.    Limitations which any party proposes on the length of depositions.

The parties do not propose modifying the presumptive length of depositions.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties agree to no limit of requests for admission and requests for production.

    d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

All interrogatories, requests for production, and/or requests for admission shall be served at least fifty days prior to the discovery cutoff date.

    e.    Other Planning or Discovery Orders

The Parties do not anticipate any additional planning or discovery Orders at this time

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

**June 4, 2021**

b. Discovery Cut-off:

**July 29, 2022**

c. Dispositive Motion Deadline:

**August 26, 2022**

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any: **The parties anticipate liability experts related to standard of care issues and aircraft operation and GSE operation, and damages experts regarding multiple aspects of the incurred damages in this claim.**

2. Limitations which the parties propose on the use or number of expert witnesses. **The parties will be limited to 4 experts each.**

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 29, 20<u>22</u>.**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 27, 20<u>22.</u>**

e. Identification of Persons to Be Deposed:

The parties each expect to depose 4-5 fact witnesses which will likely be a combination of individuals present and involved with the equipment at issue when the event in question happened, including the pilots of the aircraft, the operators of the ground handling or service equipment and quite probably 30(b)(6) witnesses regarding same. There will likely be some overlap on damages fact witnesses and experts but the parties expect to work together to set these depositions in a very expeditious manner and "bundled" so as to speed up the discovery process. The parties expect the fact depositions to take 2-4 hours each and the expert depositions to take 4-5 hours each.

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at o'clock _____ m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

 None to date.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties request a 5 day trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.L Civ R 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.L Civ R 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ____day of _____, 20__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/Andrew Johnson
Andrew Johnson
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067
(310) 557-2030

Attorneys for Defendant Menzies Aviation (USA), Inc.

/s/ Hobart M. Hind
Hobart M. Hind
Butler Weihmuller Katz Craig LLP
18383 Preston Road, Suite 400
Dallas, TX 75252
(469) 857-7862

/s/Jennifer A. Poynter
Jennifer A. Poynter
Poynter Law, LLC
6860 S Yosemite Court, Suite 2000
Centennial, CO 80112
(303) 991-2229

Attorneys for Plaintiffs Frontier Airlines, Inc. et al.